# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

KEITH & ASSOCIATES, INC.,

          Plaintiff,

v.

GOVERNOR JUAN F. LUIS HOSPITAL
& MEDICAL CENTER; GOVERNMENT
OF THE VIRGIN ISLANDS ex rel.
GOVERNOR JUAN F. LUIS HOSPITAL
AND MEDICAL CENTER,

          Defendants.

Case No. 17-CV-587-GKF-JFJ

## OPINION AND ORDER

Before the court is the Motion for Default Judgment [Doc. No. 17] filed by plaintiff Keith & Associates, Inc. Plaintiff requests the court enter default judgment against the defendants—Governor Juan F. Luis Hospital & Medical Center[1] and Government of the Virgin Islands *ex rel.* Governor Juan F. Luis Hospital and Medical Center—for breach of contract in the amount of $195,597.33 in actual damages and $51,600 in liquidated damages. For the reasons set forth below, the motion is denied.

Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff serve defendants with a copy of the summons and complaint. FED. R. CIV. P. 4(c)(1). Rule 4(j)(2) governs service of process on the government of the U.S. Virgin Islands and any municipal organizations or state-created governmental organizations thereof:

>(2)   *State or Local Government.* A state, a municipal organization, or any other state-created governmental organization that is subject to suit must be served by:
>
>>(A)   delivering a copy of the summons and of the complaint to its chief executive officer; or

---

[1]   Plaintiff alleges that defendant Governor Juan F. Luis Hospital & Medical Center is an alter-ego/public entity of the Government of the Virgin Islands. [Doc. No. 2, p. 1, ¶ 2].

> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2); *see Fulton v. Virgin Islands Bureau of Internal Revenue*, No. 2011-132, 2014 WL 1345421, at *1 (D.V.I. Apr. 4, 2014) (requiring plaintiff to serve the Virgin Islands Bureau of Internal Revenue in accordance with Rule 4(j)(2)); *Thomas v. Bonanno*, No. 2013-06, 2013 WL 3958772, at *8 (D.V.I. July 30, 2013) (requiring plaintiffs to serve the government of the Virgin Islands in accordance with Rule(j)(2)).

Plaintiff's first option under Rule (j)(2) is to deliver a copy of the summons and complaint to defendants' chief executive officers. Here, Plaintiff mailed a copy of the summonses to defendants' general mailing addresses by certified mail on January 23, 2018. [Doc. Nos. 8; 14]. This is insufficient, because delivery under Rule 4(j)(2) requires "use of a process server, not use of the United States Postal Service." *Fulton*, 2014 WL 1345421, at *1; *Jewel v. Florida Dep't of Revenue*, 2016 WL 7440951, at *1 (M.D. Fla. Dec. 27, 2016) (holding service by mail on the governor was deficient under Rule 4(j)(2)(A), because "mailing is not delivering under [Rule] 4"). Accordingly, Plaintiff has not shown effective service on either defendant under Rule 4(j)(2)(A).

The second option for service under Rule 4(j)(2) is to serve a copy of the summons and complaint in the manner prescribed by the law of the Virgin Islands. The Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure on April 3, 2017. *In re Adoption of Virgin Islands Rules of Civil Procedure*, 2017 WL 1293844, at *1 (V.I. Apr. 3, 2017). Virgin Islands Rule of Civil Procedure 4(i) governs service of process on the government of the United States Virgin Islands, its public corporations, and its autonomous and semi-autonomous governmental agencies or boards:

(1) *Government of the Virgin Islands.* In all cases in which the Government of the Virgin Islands is a named defendant, service shall be made by serving a summons and a copy of the complaint on the Governor and upon the Attorney General of the Virgin Islands.

(2) *Public Corporations; Autonomous or Semi-Autonomous Government Agencies or Boards; Officers or Employees Sued in an Official Capacity.*

   (A) To serve a public corporation, autonomous or semi-autonomous government agency or board, or an governmental officer or employee sued only in an official capacity, a party must

   (i) serve the Government of the Virgin Islands as provided in Rule 4(i)(1), and
   (ii) also serve a copy of the summons and complaint on the chief executive officer of the entity, and
   (iii) also serve a copy of the summons and complaint on any officer or employee named in the action;

   (B) To serve a public corporation that can be sued pursuant to 5 V.I.C. § 1142(b), a party must serve the designated registered agent, the chief executive officer, or any other person authorized by law to accept service of process, unless otherwise provided by law;

   (C) To serve an autonomous or semi-autonomous governmental agency or board that can be sued in its own name, a party must serve the chief executive officer, or any other person authorized by law to accept service of process, unless otherwise provided by law.

V.I. R. Civ. P. 4(i). As stated above, Plaintiff attempted to effect service on defendants by sending a copy of the summonses to defendants' general mailing addresses via certified mail on January 23, 2018. [Doc. Nos. 8; 14]. Plaintiff's attempt to effect service upon the Government of the Virgin Islands is insufficient for at least one reason—it has not demonstrated service on the Attorney General of the Virgin Islands, as required by V.I. R. Civ. P. 4(i)(1). As for defendant Governor Juan F. Luis Hospital & Medical Center, Plaintiff has not filed a return receipt. Therefore, Plaintiff has not met its burden to show service on a designated registered agent, the chief executive officer, and/or any other person authorized by law to accept service of

process. *See* V.I. R. Civ. P. 4(i)(2)(A)–(C). Moreover, Plaintiff has not addressed the issue of which of the subdivisions of V.I. R. Civ. P. 4(i)(2) governs service of process on the hospital. Therefore, Plaintiff has failed to show effective service under Fed. R. Civ. P. 4(j)(2)(B).

Absent proof of proper service, Plaintiff is not entitled to default judgment against defendants.

WHEREFORE, Keith & Associates, Inc.'s Motion for Default Judgment [Doc. No. 17] is denied.

IT IS SO ORDERED this 31st day of July, 2018.

*/s/ Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE